**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| A. J. COPELAND, individually and derivatively on behalf of Hewlett-Packard Company, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> RAYMOND J. LANE; et al., <br><br> Defendants - Appellees. | No. 13-16251 <br><br> D.C. No. 5:11-CV-01058-EJD <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted October 20, 2015[**]
San Francisco, California

Before: D.W. NELSON, CLIFTON, and N.R. SMITH, Circuit Judges.

A.J. Copeland appeals the dismissal of his Second Amended Complaint

(SAC) with prejudice. We have jurisdiction pursuant to 28 U.S.C. § 1291. We

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

affirm.

The district court correctly found that Copeland failed to plead particular facts raising a reasonable doubt regarding the independence, good faith, and due care with which Hewlett Packard Company's (HP) board investigated his litigation demand. By making the demand, Copeland conceded that a majority of the board was disinterested when he made the demand. *Rales v. Blasband*, 634 A.2d 927, 935 n.12 (Del. 1993). He has not asserted non-conclusory, factual allegations that could prove post-demand interestedness. *See Scattered Corp. v. Chicago Stock Exch., Inc.*, 701 A.2d 70, 74–75 (Del. 1997), *overruled on other grounds by Brehm v. Eisner*, 746 A.2d 244, 253 n.13 (2000). Copeland alleges that the board entrusted the investigation of his demand to an independent committee that was a "sham" from the outset. This allegation is similarly conclusory and devoid of particular facts that could show an absence of good faith. *See Grimes v. Donald*, 673 A.2d 1207, 1220 (Del. 1996), *overruled on other grounds by Brehm*, 746 A.2d at 253 n.13. Nor has Copeland alleged particular facts raising a reasonable doubt regarding the due care with which the board investigated his demands.

The district court did not err by dismissing Copeland's claim that HP violated Section 14(a) of the Securities Exchange Act based on alleged omissions and misrepresentations in the 2012 Proxy Statement. To the extent the disclosure

2

claim is based on the same mismanagement alleged in Copeland's derivative claims, the disclosure claim should also be treated as derivative, because the harm alleged is one suffered by the corporation, not the individual shareholder. *See Tooley v. Donaldson, Lufkin & Jenrette, Inc.*, 845 A.2d 1031, 1036 (Del. 2004). However, to the extent that the alleged omissions and misrepresentations denied Copeland the right to a fully informed vote independent of any alleged injury to HP itself, and thus constitute a direct claim, *see N.Y.C. Emps.' Ret. Sys. v. Jobs*, 593 F.3d 1018, 1023 (9th Cir. 2010) (*overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc)), we nonetheless affirm the district court. Because the directors elected in 2012 had substantially completed their terms when Copeland filed the SAC, Copeland fails to request a type of relief that can be granted. *See In re J.P. Morgan Chase & Co. S'holder Litig.*, 906 A.2d 808, 825 (Del. Ch. 2005). Therefore, any direct claim should be dismissed, because Copeland has "failed to suggest any form of relief that can be granted to [him] in a direct claim." *In re Tyson Foods, Inc.*, 919 A.2d 563, 602 (Del. Ch. 2007).

Finally, the district court did not abuse its discretion in refusing Copeland leave to file the proposed Third Amended Complaint (TAC). The proposed TAC fails to cure the pleading defects regarding the board's investigation of Copeland's

3

claims, and leave need not be granted where amendment is futile.

*AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

**AFFIRMED.**